## COMMISSIONER OF INTERNAL REVENUE v. NORTH SHORE BUS CO., Inc.

### No. 262.

Circuit Court of Appeals, Second Circuit.

June 1, 1944.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, and Meyer Rothwacks, Sp. Asst. to Atty. Gen., for petitioner.

Jacob I. Goodstein, of New York City (Jacob I. Goodstein, and Benjamin Wm. Mehlman, both of New York City, of counsel), for respondent.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

CHASE, Circuit Judge.

This petition to review a decision of the Tax Court of the United States requires us to determine whether, when the respondent in 1936 turned in property held for productive use in its business in part payment for like property to be held for like use, cash it received in connection with the exchange to pay off a mortgage on the old property turned in was income taxable to the respondent. The Tax Court held that it was not and the Commissioner brought the petition to review.

On March 5, 1936, the respondent, a New York corporation which was operating busses in the City of New York, ordered ten new motor coaches of the Twin Coach Corporation for use in its business. The purchase price of these coaches was $118,964.-80. Under the terms of the order which the seller accepted, the respondent was to pay for the new coaches by delivering to the seller ten old busses which the respondent had been using in its business, and for which credit was to be given as will later appear, and making forty-eight monthly installment payments of the balance due, for which it gave the seller security. The exchange value of the old busses was agreed to be $30,000. They had cost the respondent originally $107,481.50, which it had entirely deducted for depreciation in its income tax returns filed before 1936. At the time of the exchange these old busses were subject to a mortgage held by the Yellow Manufacturing Credit Corporation on which approximately $24,000 remained unpaid. The Twin Coach Corporation agreed to pay off that mortgage and to give the respondent credit for the remaining $6000 on the purchase of the new coaches. In carrying out the agreement the Twin Coach Corporation did not pay the amount due on the mortgage directly to the mortgagee, however, but instead sent the respondent its check for that amount to be used by it to pay off the mortgage. The respondent deposited that check in its bank account and then with its own check for $23,960.99 paid the mortgage in full. The small difference between the amount it actually paid on the mortgage and the $24,000 it received to use for making the payment has been ignored by the parties and will be by us.

The new coaches were set up on the respondent's books at the full contract price of $118,964.80 and its depreciation reserve was at the same time credited with the agreed trade in value of $30,000.00 for the old busses.

The applicable statute and regulation are § 112(b) (1) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Code, § 112(b) (1), and Art. 112(b)–1 of Regulations 94.

The statute reads in its relevant part as follows:

"Sec. 112. Recognition of gain or loss.

\* \* \* \* \*

"(b) Exchanges solely in kind—

"(1) Property held for productive use or investment. No gain or loss shall be recognized if property held for productive use in trade or business or for investment (not including stock in trade or other property held primarily for sale, nor stocks, bonds, notes, choses in action, certificates of trust or beneficial interest, or other securities or evidences of indebtedness or interest) is exchanged solely for property of a like kind to be held either for productive use in trade or business or for investment."

Art. 112(b)–1 of Regulations 94 reads in part:

"No gain or loss is recognized if (1) a taxpayer exchanges property held for productive use in his trade or business, together with cash, for other property of like kind for the same use, such as a truck for a new truck or a passenger automobile for a new passenger automobile to be used for a like purpose. \* \* \*"

If there had been no mortgage lien on the old busses the exchange would unquestionably have been within the statute and the regulation, which is obviously valid, and no gain or loss would have been recognized. Had the old busses been traded in subject to the mortgage which the respondent had remained bound to discharge there would, of course, have been the same sort of an exchange taxwise for in either event any gain the respondent might have made by getting more allowed for the old busses than they were then worth would have been reflected in its cost basis for the new coaches and its "realization" been postponed.

What was actually done brought about no different tax consequences. The respondent merely exchanged its old busses for the new coaches and agreed to pay in addition the difference between the purchase price of the new coaches and that part of the agreed trade-in value of the old busses which was thus established to be its equity in them. If that equity was overvalued that fact will be relevant whenever the basis of the new coaches is determined for tax purposes.

Acting as the conduit through which the funds passed from Twin Coach to the mortgagee whose mortgage was satisfied did not make the respondent the recipient of any income. Nor does the fact that the seller of the new coaches provided the funds with which to discharge the old mortgage debt make those funds the income of the respondent. That phase of the transaction increased the secured debt which the respondent owed Twin Coach by the amount of the check, and at most enabled it to exchange creditors when it discharged the old mortgage. The tax court so found and that is what controls decision now. Dobson v. Commissioner of Internal Revenue, 320 U.S. 489, 64 S.Ct. 239.

Affirmed.